IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KAJEET, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:21-cv-704-ADA |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| INFOWEISE PTY., LTD., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................. ii

TABLE OF AUTHORITIES ......................................................................................... iii

I.      INTRODUCTION ...............................................................................................1

II.     FACTS SUPPORTING DEFAULT JUDGMENT.............................................2

        A.      Procedural Background.........................................................................2

        B.      Defendant's Patent Infringement .........................................................3

III.    REQUIREMENTS OF FEDERAL RULE 55 ARE MET
        SUCH THAT PLAINTIFF IS ENTITLED TO DEFAULT
        JUDGMENT AGAINST DEFENDANT ............................................................4

IV.     THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT.......4

V.      PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT................................7

VI.     PLAINTIFF SHOULD BE AWARDED A PERMANENT
        INJUNCTION INCLUDING ITS ATTORNEYS' FEES AND COSTS ...........9

        A.      Permanent Injunction ...........................................................................9

        B.      Attorney's Fees and Costs ..................................................................12

VII.    CONCLUSION..................................................................................................13

## <u>TABLE OF AUTHORTIES</u>

**<u>Cases:</u>**

*Amini Innovation Corp.*,
    768 F. Supp. 2d 1049, 1053, 1058 (C.D. Cal. 2011) .......................................................12

*Apple Inc. v. Samsung Elecs. Co.*,
    809 F.3d 633, 647 (Fed. Cir. 2015)...................................................................................11

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012, 1016 (Fed. Cir. 2009)............................................................................4, 5

*Breckenridge Pharm., Inc. v. Metabolite Lay'ys, Inc.*,
    444 F.3d 1356, 1363 (Fed. Cir. 2006)................................................................................5

*Canon, Inc. v. V4INK, Inc.*,
]    2019 U.S. Dist. LEXIS 172344, at *17 (C.D. Cal. Oct. 3, 2019)....................................11

*Celgard, LLC v. SK Innovation Co.*,
    792 F.3d 1373, 1378 (Fed. Cir. 2015)................................................................................5

*Christus Health Care Sys., Inc. v. Am. Consultants RX, Inc.*,
    2014 U.S. Dist. LEXIS 34874, at *6 (W.D. Tex. Mar. 18, 2014) .................................7, 8

*Danik Indus. v. Ningbo EZ Mach. Co.*,
    2021 U.S. Dist. LEXIS 157213, at *15-16 .......................................................................12

*In re Dierschke*,
    975 F.2d 181, 185 (5th Cir. 1992) ......................................................................................9

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256, 1260 (Fed. Cir. 2018)................................................................................8

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388, 391 (2006)..................................................................................................10

*Ford Motor Co. v. Cross*,
    441 F.Supp.2d 837, 846 (E.D. Mich. 2006)........................................................................6

*Hybritech Inc. v. Abbott Labs.*,
    849 F.2d 1446, 1456-57 (Fed. Cir. 1988) ........................................................................10

*Inamed Corp. v. Kuzmak*,
    249 F.3d 1356, 1359 (Fed. Cir. 2001).................................................................................5

*Innovative Office Prods. v. Amazon.com, Inc.*,
    2012 U.S. Dist. LEXIS 59090, at *16-17 (E.D. Pa. April 26, 2012)............................8, 10

*Ins. Co. of the W. v. H & G Contractors, Inc.*,
    2011 U.S. Dist. LEXIS 114940, at *9 (S.D. Tex. Oct. 5, 2011)........................................9

*Judkins v. HT Window Fashions Corp.*,
    704 F. Supp. 2d 470, 477-78 (W.D. Pa. 2010) ...............................................................11

*NCS Multistage v. TCO AS*,
    2021 U.S. Dist. LEXIS 101261, at *3 (W.D. Tex. May 28, 2021)......................................4

*nCube Corp. v. Sea Change Int'l, Inc.*,
    436 F.3d 1317, 1319 (Fed. Cir. 2006)..............................................................................12

*Nestle United States v. Ultra Distribuciones Mundiales S.A. De C.V.*,
    2021 U.S. Dist. LEXIS 22771, at *15-16 (W.D. Tex. February 1, 2021) ........................6

*New World Int'l, Inc. v. Ford Global Techs.*, LLC,
    859 F.3d 1032, 1037 (Fed. Cir. 2017)...............................................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545, 554 (2014)................................................................................................12

*Pathway Senior Living LLC v. Pathways Senior Living LLC*,
    2016 U.S. Dist. LEXIS 34795, at *9-10 (N.D. Tex. Mar. 17, 2016)..........................7, 8, 9

*Retractable Techs., Inc. v. Occupational & Med. Innovations, LTD*,
    2010 U.S. Dist. LEXIS 82069, at * 15 (E.D. Tex. August 11, 2010)...............................11

*United States use of M-Co Constr., Inc. v. Shipco General, Inc.*,
    814 F.2d 1011, 1014 (5th Cir. 1987) ..............................................................................7

*Whirlpool Corp. v. Global Purification, LLC*,
    2017 U.S. Dist. LEXIS 73165, at *6 (E.D. Tex. May 15, 2017)..................................9, 11

## Statutes and Rules:

35 U.S.C. § 283...................................................................................................................10

35 U.S.C. § 285................................................................................................................4, 12

FED. R. CIV. P. 65(d).........................................................................................................10

Plaintiff KAJEET, INC. ("Plaintiff" or "Kajeet") moves for default judgment against Defendant INFOWEISE PTY., LTD. ("Defendant" or "Infoweise") and would respectfully show the Court as follows:

## I.   INTRODUCTION

This is a patent infringement case.  Plaintiff is the owner of all right, title and interest in and to United States Patent No. 8,667,559 ("the '559 Patent"), including rights to recover for any and all past infringement thereof. *See* Dkt. No. 1, Complaint for Patent Infringement ("Complaint"), hereby incorporated by reference.  Kajeet has become an industry leader in the area of mobile device management and parental control software, developing innovations that have led to the issuance of thirty-nine U.S. patents to date, including the '559 Patent, and having implemented its solutions in hundreds of school districts comprising thousands of schools across the nation.  These innovations were directly developed by the founders and engineers at Kajeet as part of Kajeet's continuous work to protect children from inappropriate and distracting online content, and to enable schools and families to keep children focused and safe from the many potential dangers associated with unconstrained access to online content.

Infoweise is a software developer of software solutions providing feature management of computing devices configured for operation on communication networks, including laptops, tablets, smartphones, and the like.  Each comprises a computing device usable to access online content and applications over a communication network managed by a service provider, such as an internet service provider (ISP).

The Accused Products of Infoweise include all versions and releases of SecureTeen Premium and Premium Plus mobile applications which provide parental control features for mobile devices.  Upon information and belief, each of these Accused Products comprise

1

substantially similar features, functionality, and operation, accommodating management of mobile communication devices accessing content over communication networks via application of settings remotely configured by administrators (i.e., parents).

Defendant failed to respond to the Complaint.  Plaintiff has been damaged as a result of Defendant's infringing conduct, but is unable to know the full extent of such harm because Defendant refuses to participate in this suit.  Thus, Kajeet requests that Infoweise be permanently enjoined from selling or offering for sale the Accused Products in the United States as more specifically described herein. An award of attorneys' fees is also appropriate in this case, which the Court is statutorily authorized to award, in light of Defendant's having willfully infringed Kajeet's Patent, and Plaintiff requests an award of attorneys' fees.

## II.     FACTS SUPPORTING DEFAULT JUDGMENT

### A.     Procedural Background

Plaintiff filed this action on July 7, 2021.  Dkt. No. 1.  The Summons for Defendant was issued on July 7, 2021.  Dkt. No. 7. Defendant is a foreign company organized under the laws of Australia with a principal place of business at 3/30 Cowper Street, Parramatta, NSW 2150, Australia. Dkt. 1, at ¶ 2. Plaintiff caused the Summons and Complaint and other documents to be served on Defendant through the Texas Secretary of State on July 9, 2021. *See*, Declaration of Corby R. Vowell ("Vowell Decl."), at ¶ 3, and Exh. F; *see also* Dkt. No. 8.  Plaintiff filed a proof of service on August 16, 2021.  Dkt. No. 8. The Secretary of State has certified that it was served on behalf of Defendant and forwarded the Complaint to Defendant. Vowell Decl. at ¶ 3.  Plaintiff also sent a letter to Defendant with a copy of the Complaint on July 8, 2021. Vowell Decl., at ¶ 3 and Exh. B.

Defendant's responsive pleading was due within twenty-one (21) days after service (i.e.,

twenty-one days after July 9, 2021).  Defendant failed to timely file an answer or other responsive

pleading by July 30, 2021.  Vowell Decl. at ¶ 4. Plaintiff filed its Request for Entry of Default

against Defendant on August 19, 2021.  Dkt. No. 22.  On August 31, 2021, upon Plaintiff's request,

the Court's Clerk entered default in this matter against Defendant.  Dkt. No. 23.  Plaintiff now

seeks that the Court enter default judgment against Defendant in accordance with Rule 55 of the

Federal Rules of Civil Procedure.

**B.      Defendant's Patent Infringement**

As set forth in the Complaint, Plaintiff is the owner of the '559 Patent.  On February 27,

2020, counsel for Kajeet wrote to Defendant to advise it of Kajeet's patents, including the '559

patent, and Kajeet's infringement assertion. Vowell Decl. at ¶ 2, and Exh. A. Defendant never

responded to Kajeet's letter. Vowell Decl. at ¶ 2. Having not heard from Defendant, Kajeet filed

this patent infringement lawsuit against Defendant on July 7, 2021. Dkt. No. 1; Vowell Decl. at ¶

3.[1] Kajeet then sent a second letter to Infoweise on July 8, 2021 advising it of the filing of the

litigation to which Infoweise also did not respond. Vowell Decl. at ¶ 3.

Defendant, without authority, consent, right, or license, has made, used, sold, and/or

offered for sale the Accused Products comprising the components and functional steps of the

claims in the '559 Patent.  Dkt. No. 1.  Plaintiff has been damaged as a result of Defendant's

infringing conduct.  As plead in the Complaint, which has gone unanswered by Defendant,

Defendant is liable because of Defendant's infringing activities.  In addition, based on Defendant's

willful infringement as pled in Plaintiff's Complaint, along with its conduct to date in this manner,

this is an exceptional case warranting an award of Plaintiff's reasonable attorney's fees and costs

---

[1] Defendant's conduct to date, including its complete lack of response Plaintiff's efforts to engage in a dialogue,
means it cannot show good cause under Rule 55 to set aside the default.

in accordance with 35 U.S.C. § 285.

## III.   REQUIREMENTS OF FEDERAL RULE 55 ARE MET SUCH THAT PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT AGAINST DEFENDANT

A court has discretion to enter default judgment against one who is not an infant, incompetent, or member of the armed services where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment; and (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment.  *See* Fed. R. Civ. Proc. 55(b).

Here, Defendant is not an infant or incompetent person.  Vowell Decl. at ¶ 5.  Nor is Defendant a member of the armed services, and therefore the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply.  Vowell Decl. at ¶ 5.  Defendant was served with the Summons and Complaint through the Texas Secretary of State on July 9, 2021, and Defendant failed to respond.  Vowell Decl. at ¶¶ 3-4.  The Clerk entered Defendant's default on the Complaint on August 31, 2021.  Dkt. No. 10.  Because Defendant never appeared in this action personally or through a representative, notice of the application for default judgment is not required by Federal Rules of Civil Procedure Rule 55(b).

Plaintiff has satisfied the requirements for default judgment and respectfully requests that the Court enter the [Proposed] Judgment submitted herewith.

## IV.   THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

In a suit for patent infringement, Federal Circuit precedent governs the personal jurisdiction analysis.  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) ("Moreover, we apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws.'"); *NCS Multistage v. TCO AS*, 2021 U.S. Dist. LEXIS

101261, at *3 (W.D. Tex. May 28, 2021) ("For patent cases, Federal Circuit law governs personal jurisdiction."). Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: "whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Because the Texas long-arm statute has been interpreted as extending to the limits of constitutional due process, these two inquiries are the same for district courts in Texas. *New World Int'l, Inc. v. Ford Global Techs.*, LLC, 859 F.3d 1032, 1037 (Fed. Cir. 2017).

Whether a Texas court has personal jurisdiction over a defendant thus depends on whether the defendant has "minimum contacts" with the state of Texas for purposes of general or specific jurisdiction. *Id*. Specific jurisdiction exists if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Lay'ys, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). The plaintiff bears the burden of affirmatively establishing the first two elements, and if plaintiff does so, the burden shifts to the defendant to prove that personal jurisdiction is unreasonable. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). Without the benefit of discovery, a plaintiff need only make a *prima facie* showing that Defendant is subject to personal jurisdiction. *Autogenomics, Inc.*, 566 F.3d at 1017. As such, the pleadings and affidavits are construed in the light most favorable to the plaintiff. *Id*.

Here, Defendant's contacts in Texas give rise to jurisdiction in this Court. While Defendant is a foreign corporation, it sells and/or offers for sale the Accused Products to consumers within the Western District of Texas. Specifically, Infoweise offers to sell and sells the Accused Products

5

through both the Apple App Store and the Google Play Store which are accessible over the Internet in this District. Vowell Decl., at ¶ 9, and Exhs. D and E. Accordingly, Infoweise knows or reasonably expects that its Accused Products are downloaded and purchased by users in this District. In addition, Defendant has sufficient minimum contacts with the Western District of Texas such that this venue is fair and reasonable.  Defendant has offered for sale and sold the Accused Products within the Western District of Texas and continues to do so. Vowell Decl., at ¶ 9, and Exhs. D and E.Defendant has committed such purposeful acts and/or transactions in this District that it reasonably should know and expect that it could be hailed into this Court as a consequence of such activity.  Defendant has transacted and continues to transact business within the Western District of Texas.  Dkt. No. 1, at ¶¶ 4-6.

Additionally, once a default is entered against a Defendant, that party is deemed to have admitted all jurisdictional arguments. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).  Paragraph 6 in the Complaint indicates that upon information and belief, Defendant has offered for sale, and sold, infringing products and/or committed infringing acts in the Western District of Texas.  The Court must accept that as true.  By actually selling its product in Texas, Defendant has purposely availed itself of the benefits of Texas.

The second requirement that the claim asserted in the litigation arises out of or relates to Defendant's purposefully directed activities, is also satisfied for the same reasons. Plaintiff's patent infringement claims relate to Defendant's sale and/or offer for sale of the Asserted Products which contain the patented components and practice the patented methods, and which are tied at least in part to its activities within this judicial district.  *See* Dkt. No. 1, at ¶¶ 4-6.

Having satisfied the first two elements of establishing personal jurisdiction, the burden shifts to Defendant to show that the exercise of personal jurisdiction is unreasonable. *Nestle United*

*States v. Ultra Distribuciones Mundiales S.A. De C.V.*, 2021 U.S. Dist. LEXIS 22771, at *15-16 (W.D. Tex. February 1, 2021). Here, since Defendant is in default and has not argued that the exercise of personal jurisdiction is unreasonable, the exercise of personal jurisdiction is undisputed and in fact reasonable.

Finally, the Court has subject matter jurisdiction because the sole complaint is for patent infringement, which this Court has original jurisdiction to handle under 28 USC §1338 and 28 USC §1331.

Based on the above, the exercise of jurisdiction over Defendant would not violate due process, and the Court may constitutionally impose jurisdiction over Defendant.

## V.    PLAINTIFF IS ENTITLED TO DEFAULT JUDGMENT

Upon default by the defendant, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States use of M-Co Constr., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). To determine whether a default judgment should be granted under Rule 55, courts consider "(1) whether default judgment is procedurally warranted; (2) whether the complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the plaintiff should receive." *Christus Health Care Sys., Inc. v. Am. Consultants RX, Inc.*, 2014 U.S. Dist. LEXIS 34874, at *6 (W.D. Tex. Mar. 18, 2014). Courts should also consider these additional factors: "1) if the default was caused by a good faith mistake or excusable neglect; 2) if there has been substantial prejudice; 3) the harshness of a default; 4) if there are material issues of fact; 5) if grounds for a default judgment are clearly established; and 6) if the court would think it was obligated to set aside the default on the defendant's motion." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, 2016 U.S. Dist. LEXIS 34795, at *9-10 (N.D. Tex. Mar. 17, 2016). Each of these factors weigh in weigh in favor of entering a default

judgment in this case.

A default judgment is "procedurally warranted" here because Infoweise has **not** filed an answer, made an appearance, or "defend[ed] against this suit in any manner." *Christus Health*, U.S. Dist. LEXIS 34874 at *7. Further, the Clerk has now entered default against Infoweise. Dkt. No. 10. This establishes that Infoweise's failures are not the result of "good faith mistake or excusable neglect" (additional factor 1) and further show that the Court should not be "obligated to set aside the default" (additional factor 6). *See, e.g., Pathway*, 2016 U.S. Dist. LEXIS 34795, at *10 (finding default judgment was "warranted" because the "default was not caused by a good faith mistake or excusable neglect … and the Court is unlikely to find itself obligated to set aside default").

In addition, the merits of Kajeet's substantive claims and the sufficiency of the pleadings in the Complaint weigh in favor of a default judgment. The Complaint "sufficiently sets forth facts establishing that it is entitled to relief." *See, e.g., Christus Health*, U.S. Dist. LEXIS 34874, at *7; *see also, Innovative Office Prods. v. Amazon.com, Inc.*, 2012 U.S. Dist. LEXIS 59090, at *16-17 (E.D. Pa. April 26, 2012).. In its Complaint, Kajeet identifies the asserted patent and describes the operation of the accused products as well as how they meet the limitations of the asserted claim. Dkt. 1 at ¶¶ 8, 20-32. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). This includes, for example and not by limitation, that Defendant's SecureTeen Premium and Premium Plus mobile applications infringe the asserted '599 claim 13 by selectively permitting or blocking access to mobile device features via time-based policies, as more specifically described in the Complaint. Dkt. 1 at ¶¶ 23 and 30.

Because Kajeet's allegations should be taken as true, Infoweise is deemed to have admitted liability and entry of default "is tantamount to actual success on the merits." This means that there

are no material issues of fact to weigh against a default judgment (additional factor 4). *See, e.g.*, *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability."); *Pathway,* 2016 U.S. Dist. LEXIS 34795, at *4-5; *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 U.S. Dist. LEXIS 114940, at *9 (S.D. Tex. Oct. 5, 2011) ("Defendant has not filed any responsive pleadings, and thus there are no material facts in dispute."). Accordingly, this factor also weighs in favor of granting default judgment.

Further, there is "substantial prejudice" (additional factor 2) to Kajeet if a default judgment is not granted. Infoweise's "failure to appear has effectively halted the adversary process by which Plaintiff seeks to vindicate its patent rights" thereby prejudicing Kajeet's interests. *Whirlpool Corp. v. Global Purification, LLC*, 2017 U.S. Dist. LEXIS 73165, at *6 (E.D. Tex. May 15, 2017). Additionally, the "harshness of a default" (additional factor 3) does not weigh against default judgment in this case given that Infoweise has had months to respond to the Complaint but it has not. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, U.S. Dist. LEXIS 114940, at *9-10 ("Defendant has had ample time to answer, mitigating the harshness of a default judgment."). Further, Kajeet sought to resolve this dispute amicably before filing suit by sending its notice of infringement letter to Infoweise. Infoweise likewise did not respond to Kajeet's letter resulting in the institution of this litigation.

For all the reasons above, this Court should grant a default judgment pursuant to Rule 55 because the Defendant has knowingly declined to participate in this case and the grounds supporting the default judgment are clear (additional factor 5).

## VI.   PLAINTIFF SHOULD BE AWARDED A PERMANENT INJUNCTION INCLUDING ITS ATTORNEYS' FEES AND COSTS

### A.    Permanent Injunction

In its Complaint, Kajeet requests as part of its relief that the Court permanently enjoin

Infoweise from selling or offering to sell the Accused Products in the United States. Dkt. 1, at p. 16. Kajeet is entitled to a permanent injunction because Infoweise is a willful infringer, is in default, and Kajeet has no adequate remedy at law. See, e.g., 35 U.S.C. § 283; FED. R. CIV. P. 65(d). In granting permanent injunctive relief to a prevailing plaintiff, district courts consider: (1) whether the plaintiff will suffer irreparable injury absent an injunction; (2) whether remedies at law are inadequate; (3) the balance of hardships between plaintiff and defendant; and (4) whether the public interest would be disserved by an injunction. See, e.g., *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Each of these factors favor granting a permanent injunction.

Here, Kajeet can show irreparable harm largely due to Infoweise's failure to respond. Well prior to filing this lawsuit, Kajeet wrote to Infoweise advising it of Kajeet's infringement assertions and seeking to have a licensing discussion. Infoweise did not respond to this letter or the letter that Kajeet wrote to Infoweise immediately following the filing of the litigation. Infoweise's refusal to respond to the letters or to participate in this lawsuit has prevented Plaintiff from discovering the full extent of damages that it could recover from Infoweise. *Innovative Office Prods. v. Amazon.com, Inc.*, 2012 U.S. Dist. LEXIS 59090, at *16-17 (E.D. Pa. April 26, 2012). "[Defendant's] non-response to Plaintiff's cease and desist letter, and its failure to appear in this action, have irreparably harmed Plaintiff and demonstrate the inadequacy of a remedy at law." *Id.* Consequently, Kajeet will continue to suffer irreparable harm if not permanently enjoined from selling the Accused Products in the United States.

With respect to the second factor, Plaintiff's remedies at law are inadequate. Courts have found this is true in nearly all patent infringement cases given that "the principle value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d

1446, 1456-57 (Fed. Cir. 1988). This would be especially true here because Infoweise continues to sell and offer for sale the Accused Products, and Kajeet has not been able to obtain further information from Infoweise regarding damages through discovery because Infoweise did not respond to the Complaint. *See Canon, Inc. v. V4INK, Inc.*, 2019 U.S. Dist. LEXIS 172344, at *17 (C.D. Cal. Oct. 3, 2019) ("Because Defendant has not participated in this litigation, monetary damages would be difficult to calculate and recover.").

The balance of hardships factor also weighs in favor of granting an injunction. As discussed above, Kajeet would suffer irreparable harm in the absence of a permanent injunction. However, there are no facts in the record that would indicate granting the injunction would seriously damage Defendant's business which could sell other non-infringing products. *See Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 477-78 (W.D. Pa. 2010) (where balance of hardships factor favored injunction when there was no evidence it "would have a serious effect on [defendant's] business").

Finally, the public interest also favors the issuance of the permanent injunction requested by Kajeet. A permanent injunction would serve the public interest in maintaining a strong patent system. *See Whirlpool Corp. v. Global Purification, LLC*, 2017 U.S. Dist. LEXIS 73165, at * 11 (E.D. Tex. May 15, 2017).; *see also Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015), cert. denied, 136 S. Ct. 2522, 195 L. Ed. 2d 844 (2016) (stating that "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions"). The public interest is also served by enforcing patent rights which encourages innovation. *Retractable Techs., Inc. v. Occupational & Med. Innovations, LTD*, 2010 U.S. Dist. LEXIS 82069, at * 15 (E.D. Tex. August 11, 2010).

If the Court is not inclined to grant a permanent injunction, Kajeet hereby reserves the right

to seek an award of actual damages.

**B.      Attorney's Fees and Costs**

In addition, Plaintiff should be awarded its attorneys' fees and costs.  The Patent Act provides that courts may award reasonable attorney fees to the prevailing party in exceptional cases.  *See* 35 U.S.C. § 285.  "[A] exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "Criteria for declaring a case exception include willful infringement, bad faith, litigation misconduct, and unprofessional behavior."  *nCube Corp. v. Sea Change Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006).

Courts have awarded attorneys' fees in default judgment proceedings where a defendant has been non-responsive.  *See, e.g.*, *Amini Innovation Corp.*, 768 F. Supp. 2d 1049, 1053, 1058 (C.D. Cal. 2011) (issuing default judgment and awarding attorneys' fees under section 285); *Danik Indus. v. Ningbo EZ Mach. Co.*, 2021 U.S. Dist. LEXIS 157213, at *15-16.

Here, Plaintiff is entitled to $11,723.25 in attorneys' fees. Vowell Decl. at ¶¶ 6, 8. Plaintiff's counsel performed legal services to research Defendant's infringement, write to Defendant, and prepare the Complaint and other initiating documents.  Vowell Decl. at ¶ 6. Plaintiff also did the work to seek entry of default and researched and prepared this Motion and supporting evidence. *Id.* The attorneys' fees incurred thus far are reasonable.  Vowell Decl. at ¶ 7-8. This is a patent case which requires technical analysis beyond that of other areas of the law and requires counsel specializing in patent law.   Plaintiff thus requests the Court to award full attorneys' fees which are reasonable under these circumstances and at this stage of the case. Plaintiff is also entitled to its costs pursuant to 35 U.S.C. § 284, and Plaintiff will separately file a

Bill of Costs with the Court.

For these reasons, the Court should permanently enjoin Infoweise from selling the Accused Products in the United States. In the event that the Court does not order a permanent injunction against Infoweise, Kajeet reserves the right to present additional evidence regarding its damages or other potential forms of relief.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the Proposed Judgment filed herewith.

Dated: November 10, 2021.          Respectfully submitted,

*/s/ Corby R. Vowell*
Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
jts@fsclaw.com
mtc@fsclaw.com
vowell@fsclaw.com
wojcio@fsclaw.com

**ATTORNEYS FOR KAJEET, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 10th day of November, 2021, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Western District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Corby R. Vowell*