IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **KAJEET, INC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 6:21-cv-00704-ADA |
| | § | |
| **INFOWEISE PTY., LTD.,** | § | |
| *Defendant.* | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Kajeet, Inc.'s ("Plaintiff") Motion for Default Judgment against Infoweise ("Defendant"). ECF No. 14. The Court reviewed the motion, the governing law, and the case file. The Court **DENIES** Plaintiffs' Motion for Default Judgment.

## BACKGROUND

Plaintiff owns all right, title, and interest to United States Patent No. 8,667,559 (the '599 Patent) and has filed this lawsuit against Defendant alleging infringement of its patent. ECF No. 14 at 1. Plaintiff is a Delaware corporation and Defendant is a New South Wales corporation. ECF No. 1 at 1. The '599 Patent generally relates to mobile device management and parental control software regarding internet browsing. *Id.* Plaintiff alleged that Defendant's products infringe the '599 Patent. *Id.* at 2. Defendant has not responded to Plaintiff's lawsuit. *Id.* As a result, Plaintiff requested that this Court grant its motion for default judgment and issue a permanent injunction against the Defendant selling or offering for sale its accused products within the United States. *Id.*

## LEGAL STANDARD

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in

default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a default judgment upon motion. Fed. R. Civ. P. 55(b). Additionally, the plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgement. 50 U.S.C § 3931.

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit use a three-part analysis: (1) whether default judgment is procedurally warranted; (2) whether the [] Complaint sufficiently sets forth facts establishing that [plaintiff] is entitled to relief; and (3) what form of relief, if any, the [plaintiff] should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).

The Fifth Circuit uses six factors to determine whether a default judgment is procedurally warranted. *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The factors are: "(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id*.

In considering whether the Complaint sets forth facts establishing that plaintiff is entitled to relief, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may

be granted. *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

Additionally, "when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Thus, this Court cannot enter default judgment if the Defendant was not properly served.

The United States of America and Australia are both signatories to the Hague Service Convention, a multilateral treaty intended to "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash v. Menon*, 137 S. Ct. 1504, 1507 (2017). The Hague Service Convention applies whenever a forum state's process for completing service requires the transmittal of documents abroad. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 700 (1988); *ACQIS LLC v. Lenovo Group Ltd.*, No. W-20-CV-00967-ADA, 2021 WL 5332314, at *1 (W.D. Tex. Nov. 16, 2021). Here, Plaintiff served Defendant through substituted service on the Texas Secretary of State. The laws of Texas require the Secretary of State to transmit that process to the nonresident defendant to complete service. *ACQIS*, 2021 WL 5332314, at *1; *Buffalo Patents, LLC v. ZTE Corporation*, No. W-21-CV-01065-ADA, 2022 WL 2055285, at *1 (W.D. Tex. June 3, 2022). This act of mailing by the Secretary of State to Australia implicates the Hague Service Convention. Australia does not object to service by mail under the Hague Service Convention provided that the specific Australian jurisdiction has authorized service by mail. *Waraich v. National Australian Bank Ltd.*, No. H-18-4069, 2019 WL 1003625, at *3 (S.D. Tex. Feb. 28, 2019). Therefore, Plaintiff's method of service must be valid under the Hague Service

Convention and the laws of the specific Australian jurisdiction at issue for default judgment to be proper.

## DISCUSSION

Whether Defendant was properly served so that default judgment is proper depends upon whether the Australian jurisdiction of New South Wales authorizes service by mail. Australia does not object to service by mail if mail service is permitted in the jurisdiction where process is to be served. Hague Conference on Private International Law, Status Table, Australia Declarations, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1062&disp=resdn. The Defendant is an Australian corporation in New South Wales. ECF No. 1 ¶ 2. The jurisdiction of New South Wales has rules establishing acceptable service methods. *Uniform Civil Procedure Rules 2005* (NSW) Part 10 (Austl.). Those rules appear to authorize "[p]ersonal service" on a corporation but do appear to authorize or allow corporate service through mail, and Plaintiff has not identified or submitted authorities showing the contrary. *Id.* at Regs. 10.5, 10.20-22; *Waraich*, 2019 WL 1003625, at *3.

Here, the Secretary of State forwarded a copy of the service papers by registered mail to the corporate Defendant. ECF No. 14-7. Nothing in the record shows personal service.

Courts deny motions for default judgment when a plaintiff has not met its burden of showing proper service in New South Wales in accordance with the Hague Service Convention. *Waraich*, 2019 WL 1003625, at *3–4 (denying default judgment because, based on the record, the court could not conclude that Australia authorizes service by mail in New South Wales); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013). Nothing in the record shows that New South Wales affirmatively authorizes service by mail on a

corporation, so the Court cannot conclude that service was proper. *Waraich*, 2019 WL 1003625, at *3.

The 5th Circuit, which the Federal Circuit follows in procedural matters, has consistently held that a default judgment based on improper service is void. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 399 (5th Cir. 2001); *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). In other words, "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers*, 167 F.3d at 937. Because improper service is dispositive of an entry of default, this Court does not proceed to undertake the analysis of factors to determine whether default judgement is warranted. This Court cannot enter default judgment because it has not been established that service was proper.

## CONCLUSION

Based on the foregoing analysis of the facts and legal principles, Plaintiff's Motion for Entry of Default Judgment (ECF No. 14) is **DENIED**. Plaintiff has leave to file a new motion upon completion of service or upon discovering more recent authority showing that New South Wales authorizes service by mail on corporations.

SIGNED this 15th day of July, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE